WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Josephine Grevan, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>Sheriff Joseph Arpaio, et al.,<br><br>              Defendants. | No. CV-13-01799-PHX-DGC<br><br>**ORDER** |

       Defendants Sheriff Joseph Arpaio and his wife, Ava Arpaio (collectively, the "Arpaios"), have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 9. The motion is fully briefed and no party has requested oral argument. For the reasons that follow, the Court will deny the motion.

**I.    Background.**

       Plaintiffs are the surviving family members of Tracy Lynn Johnson and the Special Administrator of her estate. Doc. 1-1, ¶¶ 5-9. Ms. Johnson was arrested on August 6, 2012, on suspicion of theft. *Id.*, ¶ 27. She was taken to Maricopa County's intake facility. *Id.*, ¶ 28. Plaintiffs allege that Johnson told detention personnel during intake that she was withdrawing from drugs. *Id.*, ¶ 33. Defendants allege that Johnson "denied all of the screening questions," including denying that she was suffering from drug withdrawal. Doc. 9 at 2. Johnson was seen by a registered nurse at 2 a.m. on August 8, 2012. Doc. 1-1, ¶ 39. Defendants allege that Johnson again denied that she was suffering from withdrawals. Doc. 9 at 3. The nurse who examined Johnson noted that she was having dry heaves, administered an injection of Vistaril, and had her drink

one half liter of fluids. *Id.* Johnson was then returned to her housing unit where she was found sometime later unconscious and not breathing. *Id.* Jail staff called a "man down," administered CPR, and called 911. *Id.* Johnson was transported to St. Joseph's Hospital where she was placed on a ventilator. Doc. 1-1, ¶ 52. Johnson's breathing tube was removed on August 23, 2012, and she died within a few hours. *Id.*, ¶ 53.

Plaintiffs allege that no investigation was conducted into Johnson's death. *Id.*, ¶ 54. Plaintiffs instituted this action against several defendants, claiming violations of 42 U.S.C. § 1983, gross negligence, deprivation of Johnson's Eighth and Fourteenth Amendment rights, and wrongful death. Only the § 1983 and gross negligence claims are asserted against the Arpaios.

**II.     Legal Standard.**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.    Analysis.**

The Arpaios contend that the County is the entity responsible for providing medical care for inmates in county jails and that Sheriff Arpaio does not have any

statutory duty to provide and monitor such medical care. Doc. 9 at 4. The Sheriff has made this argument before without success. In *Payne v. Arpaio*, CV 09-1195-PHX-NVW, 2009 WL 3756679, at \*1 (D. Ariz. Nov. 4, 2009), Sheriff Arpaio sought dismissal of § 1983 and negligence claims brought by a former inmate who had suffered diabetes-related injuries while in custody. The Sheriff argued that he was not a proper defendant because "he has no duty to provide or maintain healthcare in county jails[.]" *Id.* at \*5. As authority for this proposition, the Sheriff cited the same statutes he cites here. Specifically, the Arpaios contend that Arizona Revised Statutes sections 11-291(A) and (B) assign to the County Board of Supervisors the responsibility of providing medical care for "persons under the supervision of a county corrections agency[.]" Doc. 9 at 4. The Arpaios further contend that because these provisions are silent as to "any specific duty of the Sheriff to provide and monitor medical care within jails," they "cannot be extended by the Court to include such a duty." *Id.* In *Payne*, the court concluded that "absolution from liability is a grave matter that cannot be inferred comfortably from silence." *Payne*, 2009 WL 3756679 at \*6. The Court agrees and declines to dismiss Plaintiffs' claims against the Arpaios "merely because they are predicated on inadequate medical care." *Id.*

The Arpaios cite several cases for the proposition that district courts have refused to impose a duty to provide healthcare to inmates. Doc. 9 at 5. The Arpaios mischaracterize these cases. In each case, the court dismissed claims against defendants other than the County Sheriff that were not considered to be persons amenable to suit under § 1983, such as Correctional Health Services ("CHS") or Maricopa County Medical Estrella Jail. *See Catto v. Correctional Health Serv.*, CV 09-2408-PHX-JAT, 2010 WL 1286303, \*2 (D. Ariz. Mar. 30, 2010) (finding that CHS was not a proper defendant); *Rogers v. Maricopa County Sheriff's Office*, CV 07-641-PHX-DGC, 2008 WL 898721, \*2 (D. Ariz. Mar. 31, 2008) (finding that Maricopa County Medical Estrella Jail was not a proper defendant); *Conroy v. Avalos*, CV 08-210-PHX-MHM, 2008 WL 1989788, \*2 (D. Ariz. May 5, 2008) (finding that CHS was not a proper defendant). The

Arpaios also cite to *Doe v. Arpaio*, 150 P.3d 1258, 1259 (Ariz. Ct. App. 2007), which notes that CHS provides medical care to inmates in county jails. None of these cases addressed the issue raised here – whether the cited statutory provisions absolve the Sheriff of liability for inadequate medical care.

The Arpaios' statutory interpretation arguments are also unavailing. They contend that the plain language of A.R.S. §§ 11-291(A)-(B) clearly and unequivocally places the responsibility for providing medical care to inmates on the county board of supervisors and that the Court should not extend these statutes to create a duty where the legislature has not imposed one. Doc. 9 at 4-5. But if the Legislature had intended to free the Sheriff from any liability for the medical care of inmates within his custody and control, it could have done so explicitly. It did not, and the Court will not make such an inference.

The Arpaios also state that "[t]o the extent that Plaintiff alleges that the County's polices were the driving force behind the provision of healthcare to Tracy Johnson, the Sheriff has no control over the policies," and purport to cite *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), as support. *Graham* stands for the proposition that a § 1983 defendant is "not liable in official capacity unless his agency's official policies were the 'moving force' behind the alleged constitutional violation." *Graham*, 473 U.S. at 166. Plaintiffs have alleged policies of the Sheriff that contributed to the alleged constitutional violations. Doc. 1-1, ¶¶ 24-26. The Arpaios do not argue that the Sheriff's official policies were not the moving force behind the alleged constitutional violation. Accordingly, the Court will not grant the motion to dismiss on this ground.

Finally, the Arpaios cite to *Rizzo v. Goode*, 423 U.S. 362, 371 (1976), for the proposition that there must be an "affirmative link" between the individual conduct and the constitutional injury. This assertion, however, is not supported by the citation (*id.*), and does not provide grounds for dismissal.

**IT IS ORDERED** that the Arpaios' motion to dismiss (Doc. 9) is **denied**.

Dated this 18th day of December, 2013.

_____
David G. Campbell
United States District Judge